(March 21, 1990)

■ In the Matter of NEWSDAY, INC., Petitioner, v MARVIN I. GOODMAN et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondent Judge Marvin I. Goodman to make public, in their entirety, certain questionnaires completed by jurors selected to serve on the petit jury in the criminal action entitled *People v Golub,* Nassau County indictment No. 71026.

Adjudged that the petition is denied, and the proceeding is dismissed, without costs or disbursements.

The members of the petit jury in the criminal case entitled *People v Golub* (indictment No. 71026), currently on trial, were given background questionnaires to fill out, in writing, prior to the oral voir dire. The use of these questionnaires is authorized pursuant to CPL 270.15 (1) (a), which provides in pertinent part: "In its discretion, the court may require prospective jurors to complete a questionnaire concerning their ability to serve as fair and impartial jurors, including but not limited to place of birth, current address, education, occupation, prior jury service, knowledge of, relationship to, or contact with the court, any party, witness or attorney in the action and any other fact relevant to his or her service on the jury. * * * A copy of questionnaires completed by the mem-

bers of the panel shall be given to the court and each attorney prior to examination of prospective jurors."

In a letter dated February 9, 1990, the petitioner, Newsday, Inc., a newspaper covering the trial, requested from the respondent Goodman, a Judge of the County Court, Nassau County, who was presiding over the trial, "that the questionnaires be made public".

Several days later, the respondent Goodman wrote to the petitioner, denying this request in toto.

The petitioner thereafter commenced the instant proceeding pursuant to CPLR article 78, seeking, *inter alia,* to compel the respondent Goodman to grant "the public and press access to the Questionnaires used to conduct the *voir dire* in *Golub".*

During the pendency of this proceeding, the respondent Goodman modified his prior position by releasing the completed questionnaires of the petit jurors, but deleting therefrom the names of the petit jurors and any answers which would enable the public to learn the identity of those jurors. In a protective order dated March 12, 1990, the respondent Goodman held:

"OTHER THAN TO COUNSEL FOR THE PEOPLE AND THE DEFENDANT THERE SHALL BE NO DISCLOSURE OF THE NAMES, BUSINESS AND RESIDENTIAL ADDRESSES OF ANY OF THE SWORN JURORS, INCLUDING ALTERNATES, IN THIS CASE.

"Based upon daily increasing tense emotions among members of the victim's family and members of the defendant's family and reported threats on defense counsel, this Court believes that good cause exists for this protective order to ensure the integrity of jury deliberations.

"And this order shall be a permanent continuing order."
In a letter to the petitioner, dated March 15, 1990, the respondent Goodman expanded on his order, stating:

"This case from the date of the discovery of the victim's body on March 5, 1989 has attracted enormous media coverage including live television coverage of the trial.

"Emotions between the families of the deceased and the defendant are most intense with daily outbursts and confrontations outside the court room having been reported to the Court.

"The Court has also been advised that the defendant's attorney during the trial has received threats.

"This Court normally is assigned a minimum of three and a maximum of four court officers. For this trial twelve (12) court officers have been assigned.

"A barrier has been placed outside the court room for crowd control and there constantly is a line of people waiting for seats to become available.

"As early as 8:00 a.m. lines of people form for the morning session and lines continue to form at the start of the luncheon recess.

"With the consent of all parties the jurors from the outset of the trial have been sequestered for lunch.

"Members of the general public have been excused from the court room or precluded from entering based on egregious conduct.

"On March 12 1990 following the testimony of the Medical Examiner, a confrontation between the families and friends occurred in the lobby of the court house and since that testimony tensions have mounted higher. * * *

"This Court has great concern for safekeeping the secrecy of the identity of the jurors in this case.

"This trial has been in progress since February 5, 1990 and is expected to continue for at least two (2) more weeks.

"Daily harassment of individuals connected with this case has occurred and this Court has a realistic concern for protecting the jurors from potential harassment. * * *

"And to preserve the integrity of the jury deliberations in this case, this Court believes it essential that the names and identity of the Golub jurors not be disclosed."

The petitioner argues that even this limited restriction on public access to the voir dire is unconstitutional. We disagree.

The Supreme Court of the United States has held that a "presumption of openness" applies to all voir dire proceedings (*Press-Enterprise Co. v Superior Ct.,* 464 US 501, 510). Initially, we note that the questionnaires completed by the petit jurors in this criminal action were an integral part of the voir dire proceeding. Indeed, these questionnaires are authorized by statute as a "time saving procedure" to streamline the voir dire (CPL 270.15 [1]; Preiser, 1985 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 270.15, 1990 Pocket Part, at 213). Therefore, the presumption of openness applied to these questionnaires.

Nevertheless, despite the importance of the "presumption of openness", the United States Supreme Court has also held that: "The presumption of openness may be overcome * * * by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve

that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered" *(Press-Enterprise Co. v Superior Ct.,* 464 US 501, 510, *supra).*

In addition, our Legislature has enacted CPL 270.15 (1-a) which provides, *inter alia,* that: "The court may for good cause shown * * * upon its own initiative, issue a protective order for a stated period regulating disclosure of the business or residential address of any * * * sworn juror to any person or persons, other than to counsel for either party. Such good cause shall exist where the court determines that there is a likelihood of bribery, jury tampering or of physical injury or harassment of the juror".

Indeed, the constitutional infirmity in *Press-Enterprise Co. v Superior Ct. (supra,* at 513), was described by the United States Supreme Court as follows:

"The judge at this trial closed an incredible *six* weeks of *voir dire* without considering alternatives to closure. Later the court declined to release a transcript of the *voir dire* even while stating that 'most of the information' in the transcript was 'dull and boring.' * * *. Those parts of the transcript reasonably entitled to privacy could have been sealed without such a sweeping order; a trial judge should explain why the material is entitled to privacy.

"Assuming that some jurors had protectible privacy interests in some of their answers, the trial judge provided no explanation as to why his broad order denying access to information at the *voir dire* was not limited to information that was actually sensitive and deserving of privacy protection. Nor did he consider whether he could disclose the substance of the sensitive answers while preserving the anonymity of the jurors involved.

"Thus not only was there a failure to articulate findings with the requisite specificity but there was also a failure to consider alternatives to closure and to total suppression of the transcript. The trial judge should seal only such parts of the transcript as necessary to preserve the anonymity of the individuals sought to be protected".

In contrast, oral voir dire in the instant criminal action was never closed to the public as it was in *Press-Enterprise Co. v Superior Ct. (supra).* The respondent Goodman merely deleted a very small fraction of the material in the written questionnaires *(see,* Long Island Newsday, Mar. 16, 1990, at 33, cols 1-4) based on a specific finding which clearly showed that the

petit jurors' ability to serve, without fear of intimidation or harassment, was in jeopardy *(Press-Enterprise Co. v Superior Ct., supra,* at 510-511). Under these circumstances, the petitioner's constitutional rights were not abridged. Accordingly, the petition is denied and the proceeding is dismissed. Mangano, P. J., Thompson, Brown and Lawrence, JJ., concur.